UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN T. SHAW; KENNETH COKE; and RAYMOND RYDMAN, on behalf of themselves and all others similarly situated,<br><br>                       Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,,<br><br>                       Defendants. | Case No.: 13-CV-1295 JLS (BLM)<br><br>**ORDER: (1) GRANTING DEFENDANT EXPERIAN'S MOTION TO STAY; (2) *SUA SPONTE* STAYING ACTION; AND (3) DENYING WITHOUT PREJUDICE ALL REMAINING PENDING MOTIONS**<br><br>(ECF Nos. 103, 115, 129, 140) |

      Presently before the Court is Defendant Experian Information Solution, Inc.'s Motion to Stay. (ECF No. 129.) Also before the Court are Defendant Experian's Notice of Recent Decisions Relevant to (ECF No. 138), Plaintiff's Opposition to (ECF No. 139), and Defendant Experian's Reply in Support of (ECF No. 142) the Motion to Stay. Also pending before the Court are Plaintiffs' Motion for Class Certification (ECF No. 103); Defendant Experian's Motion for Summary Judgment or, in the Alternative, Summary Adjudication (ECF No. 115); and Plaintiffs' Motion to Strike Expert Reports, Declarations and Opinions (ECF No. 140). The Court vacated the hearings on the Motion to Stay and Motion to Strike (ECF No. 146) and the Motion for Class Certification (ECF No. 147) and took those matters under submission without oral argument pursuant to Civil Local Rule

7.1(d)(1). Having considered the parties' arguments and the law, the Court **GRANTS** Defendant Experian's Motion to Stay, *sua sponte* **STAYS** the entire action pending the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015), and **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for Class Certification, Defendant Experian's Motion for Summary Judgment, and Plaintiffs' Motion to Strike.

## BACKGROUND

On May 20, 2014, Plaintiffs filed a Second Amended Complaint, alleging various class action claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* (SAC 17-23,[1] ECF No. 56.) Generally, the SAC asserts that "the procedures developed and systematically employed by Experian to report credit information about accounts in which consumers engaged in short sales are inaccurate, incomplete, and misleading, and violate the requirements of the FCRA." (*Id.* at ¶ 4.)

Although Plaintiffs generally allege that they have "suffered harm arising from Experian's . . . violations of the FCRA" (*id.* at ¶ 90; *see also id.* at ¶ 96) and that, "[a]s a proximate result of [Defendants Wells Fargo Bank, NA and CitiMortgage, Inc.'s] conduct, Plaintiffs and the members of Class No. 4 have suffered actual damages, including but not limited to loss of credit, emotional distress and other related damages" (*id.* at ¶ 148), Plaintiffs concede in subsequent filings that they "only seek statutory and punitive damages, as well as attorneys' fees and costs, for their class claims alleging violations of Section 1681e(b) and 1681g(a). Although the Second Amended Complaint also identifies actual damages, Plaintiffs hereby disclaim any claim for such damages for these violations." (Pls.' Class Cert. Mem. 21, ECF 103-1.)

Plaintiffs also note that they "bring individual, non-class claims for Experian's failure to correct errors on their credit reports in response to the Plaintiffs' disputes in violation of Section 1681i. For these claims, Plaintiffs seek actual, statutory, and punitive damages, as well as attorneys' fees and costs." (*Id.* at 21 n.5.) With respect to the Section

---

[1] For ease of reference, page citations to docketed materials refer to the CM/ECF page number.

1681i claim, Plaintiffs generally allege that they "have been and continue to be damaged as a result of Experian's violations of § 1681i of the FCRA" and "Experian's violations of § 1681i of the FCRA are the proximate cause of Plaintiffs' . . . damages." (SAC ¶¶ 114, 115.)

On June 17, 2015, Plaintiffs moved to certify two classes. (Pls.' Mot. for Class Cert., ECF No. 103.) Their memorandum of points and authorities in support of their motion for class certification acknowledges that some members of the proposed classes did not suffer actual harm, and that those who did suffer actual harm may opt out of the class, if one is certified. (*See* Pls.' Class Cert. Mem. 33-34, ECF No. 103-1 ("While there may be other members of the Classes who, like Plaintiffs, have suffered actual damages as a result of Experian's failure to correct inaccurate reporting in response to a consumer's dispute, they are permitted to opt out of this class action to pursue their own claims if they believe that their actual damages are large enough to warrant such action.").)

On July 21, 2015, Defendant Experian filed its Motion for Summary Judgment, (MSJ, ECF No. 115), which argued that (1) Defendant Experian always accurately reported Plaintiffs' short sales as short sales and not foreclosures (Def.'s MSJ Mem. 20-24), (2) Defendant Experian provided Plaintiffs will all information in their files (*id.* at 24-25), (3) Plaintiffs cannot establish willfulness (*id.* at 26-28), and (4) Plaintiffs cannot demonstrate that Defendant Experian's reporting caused them any damage (*id.* at 28-29). With respect to the last argument, Defendant Experian argues that "[t]he evidence shows that a third party's underwriting software had a glitch that affected Plaintiffs before it was fixed[, b]ut Plaintiffs cannot establish any actual damages from Experian's reporting or reinvestigations." (*Id.* at 29.) Defendant Experian also notes that Plaintiffs' claims may be barred if the Supreme Court reverses the Ninth Circuit in *Spokeo*. (*Id.*)

On August 24, 2015, Defendant Experian filed its Motion to Stay this Court's hearing on Plaintiffs' Motion for Class Certification pending the Supreme Court's decision in *Spokeo* (ECF No. 129), and on September 15, 2015, Plaintiffs filed their Motion to Strike selected portions of Defendant Experian's expert reports, declarations, and depositions

(ECF No. 140).

# LEGAL STANDARD

## I. Motion to Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)) (internal quotation marks omitted).  These interests include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX*, 300 F.2d at 268) (internal quotation marks omitted).  "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the party seeking the stay 'must make out a clear case of hardship or inequity.'" *Id.* at 1112 (quoting *Landis*, 299 U.S. at 255). Subject to these standards, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

# ANALYSIS

## I. Defendant Experian's Arguments

Defendant Experian asks this Court to grant a *Landis* stay concerning Plaintiffs' Motion for Class Certification pending the Supreme Court's ruling in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015). (Def.'s Mot. to Stay Mem. 9, ECF No. 129-1.)  First,

Defendant Experian argues that "[t]he Court, the parties, and the putative class members" will all "suffer harm" if the case is not stayed because they "all face the risk of dedicating substantial time and resources to proceedings that may ultimately prove unnecessary." (*Id.* at 6.)

Defendant Experian next argues that a stay will conserve judicial resources and promote the orderly course of justice because "[t]he question presented in *Spokeo* is squarely implicated in the present case. Plaintiffs' ability to establish injury in fact without reliance on the FCRA's statutory damages provision—and the Ninth Circuit's interpretation thereof—has not been tested." (*Id.* at 7.) Consequently, "this Court should not commit significant time and resources to addressing complex legal issues that may need to be revisited at length after the Supreme Court rules in *Spokeo*." (*Id.* at 7-8.)

Finally, Defendant argues that Plaintiffs will not be harmed by a stay. (*Id.* at 8-9.) Defendant Experian notes that (1) delay of potential monetary recovery is not grounds for denying a stay (*id.* at 8 (citing *Lockyer*, 398 F.3d at 1110)); (2) a stay of less than one year "will not make witnesses more difficult to locate or [cause] their memories to fade" (*id.* (citing Fed. R. Evid. 804; *Larson v. Trans Union, LLC*, No. 12-cv-05726-WHO, 2015 U.S. Dist. LEXIS 83459, at *23-24 (N.D. Cal. June 26, 2015))); and (3) Plaintiffs do not demand immediate injunctive relief and, in any case, there is no continuing harm (*id.* at 8-9 (citing *Lockyer*, 398 F.3d at 1110)).

Defendant Experian additionally argues that its pending Motion for Summary Judgment "is still ripe for adjudication once briefing is completed, because that motion rests on several grounds for defeating Plaintiffs' claims on the merits that are not implicated by the Supreme Court's review of *Spokeo*." (*Id.* at 3 n.1.)

## II.     Plaintiffs' Arguments

Plaintiffs oppose Defendant Experian's Motion to Stay (Pls.' Opp'n 1, ECF No. 139), arguing primarily that Defendant Experian cannot demonstrate a hardship, but that Plaintiffs will be "severely prejudiced" by a stay (*id.* at 3). Plaintiffs note that being required to defend a suit does not constitute a clear case of hardship or inequity (*id.* (citing

*Lockyer*, 398 F.3d at 1112)), but that Plaintiffs "will be severely prejudiced in the form of unnecessary delay and potentially wasted efforts if a stay is granted because under current Ninth Circuit precedent there is no reason why Plaintiffs' case should not proceed" (*id.* at 4). Plaintiffs also argue that Defendant "Experian has never even raised the type of Article III challenge being addressed in *Spokeo*." (*Id.* at 5.) Plaintiff then distinguishes the cases cited by Defendant Experian that stayed proceedings in FCRA class actions pending a decision in *Spokeo*. (*Id.* at 6-7.)

Plaintiffs agree with Defendant Experian that, "if the Court is inclined to grant Experian's Motion to Stay, it should be limited to class certification proceedings and should not interfere with proceedings related to Experian's motion for summary judgment." (*Id.* at 2-3.)

### III. Analysis

The parties ask the Court to stay only its hearing on Plaintiffs' Motion for Class Certification (ECF No. 103). (*See* Def.'s Mot. to Stay Mem. 3 & n.1, ECF No. 129-1; Pls.' Opp'n 2, ECF No. 139.)

In *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), the Ninth Circuit held that the plaintiff had sufficiently alleged Article III standing, regardless of whether he had sufficiently alleged actual harm, by merit of his claims for willful violations of the FCRA. *Id.* at 413-14. However, the United States Supreme Court recently granted a petition for writ of certiorari in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015), to address the following question: "Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute," Question Presented, *Spokeo, Inc. v. Robins* (No. 13-1339), *available at* http://www.supremecourt.gov/qp/13-01339qp.pdf; *see also* Brief for Petitioner at i, *Spokeo, Inc. v. Robins* (No 13-1339), *available at* http://www.scotusblog.com/wp-content/uploads/2015/08/13-1339-ts.pdf.

Although Plaintiffs currently have standing under existing Ninth Circuit precedent,

the Supreme Court's decision in *Spokeo* could deprive them of standing. "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III," *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992), and "[t]he party invoking federal jurisdiction bears the burden of establishing [the] elements [of constitutional standing]," *id.* at 561 (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215 231 (1990)).  Consequently, the Court finds that the factors it must consider justify a stay not only of the class certification proceedings, but of this entire action pending the Supreme Court's decision in *Spokeo*.

First, the Court finds that the possible damage that may result from the granting of a stay is minimal.  Although Plaintiffs claim to seek injunctive relief in their Second Amended Complaint (SAC 22, ECF No. 56), they claim only monetary damages in their Motion for Class Certification (Pls.' Class Cert. Mem. 21, ECF No. 103-1).  As noted by Defendant Experian (Def.'s Mot. to Stay Mem. 8, ECF No. 129-1.), delaying Plaintiffs' potential monetary recovery is not grounds for denying a stay. *Lockyer*, 398 F.3d at 1110. Even if Plaintiffs were still seeking injunctive relief, because Fannie Mae has fixed the glitch that misread Defendant Experian's reports (ECF No. 115-2 at 14), there is no "ongoing and future harm" weighing against granting a stay. *Lockyer*, 398 F.3d at 1112.

Second, both the parties and the Court would suffer hardship or inequity in being required to go forward.  All would be required to dedicate substantial time and resources to resolving the various pending motions over which this Court may ultimately lack subject matter jurisdiction.  As the Supreme Court has cautioned, "Article III jurisdiction is always an antecedent question" and "a court [cannot] resolve contested questions of law when its jurisdiction is in doubt" because "[h]ypothetical jurisdiction produces nothing more than hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by th[e Supreme] Court from the beginning." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998).

Third, a stay is likely to promote the orderly course of justice, by allowing the Court and the parties to await the Supreme Court's guidance on the issue of standing before proceeding further.

Based on the foregoing, the Court concludes that staying this action until the Supreme Court issues an opinion in *Spokeo* would be "efficient for [the Court's] own docket and the fairest course for the parties." *See Leyva*, 593 F.2d at 863. Accordingly, the Court **GRANTS** Defendant Experian's Motion to Stay and *sua sponte* stays all proceedings in this action pending the Supreme Court's decision in *Spokeo*. In light of this ruling, the Court does not need to reach the merits of Plaintiffs' Motion for Class Certification, Defendant Experian's Motion for Summary Judgment, or Plaintiffs' Motion to Strike, all three of which the Court **DENIES WITHOUT PREJUDICE**.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Experian's Motion to Stay (ECF No. 129) and *sua sponte* **STAYS** all proceedings in this Court pending the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015). The parties **SHALL FILE** a joint status report within thirty (30) days of the Supreme Court's opinion in *Spokeo*.

In light of this ruling, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Class Certification (ECF No. 103), Defendant Experian's Motion for Summary Judgment (ECF No. 115), and Plaintiffs' Motion to Strike (ECF No. 140). The parties may refile these motions once the stay is lifted.

**IT IS SO ORDERED.**

Dated: October 26, 2015

Hon. Janis L. Sammartino
United States District Judge